**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 20-1294

————————————

ROBERT METZGAR, III
                                        Appellant

v.

STATE OF DELAWARE DEPARTMENT OF NATURAL RESOURCES
AND ENVIRONMENTAL CONTROL, an agency of the State of Delaware;
SHAWN M. GARVIN, Secretary of DNREC, in his Official Capacity;
DAVID SMALL, former Secretary of DNREC, in his Official Capacity;
CHIEF DREW T. AYDELOTTE, in his Individual and Official Capacities;
CAPTAIN BRIAN POLLOCK, in his Individual and Official Capacities

————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-18-cv-01310)
District Judge: Honorable Colm F. Connolly

————————————

Submitted under Third Circuit L.A.R. 34.1(a)
September 30, 2020

————————————

Before: SHWARTZ, PHIPPS, and SCIRICA, <u>Circuit Judges</u>.

(Filed: December 24, 2020)

————————————

OPINION*

————————————

---

  * This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Former probationary officer Robert Metzgar III sued the Delaware Department of Natural Resources and Environmental Control ("DNREC") and several officials[1] (collectively, "Defendants"), alleging that Defendants violated Metzgar's constitutional right to due process by terminating his employment without the notice and hearing that he claims are required under the Delaware State Law Enforcement Bill of Rights ("DELEBOR"), 11 Del. C. § 9200 et seq. Because Metzgar was an at-will employee, and therefore did not have a protected property interest in his continued employment, he had no constitutional due process protection associated with his employment. Thus, we will affirm the District Court's order dismissing his complaint.

## I[2]

Metzgar was employed as a probationary officer in DNREC's Division of Fish & Wildlife. On Metzgar's day off, he received a text message from Corporal Shea Lindale, but Metzgar did not answer because he was asleep. When he awoke, he contacted Lindale. Lindale asked Metzgar if he had been sleeping. Because Metzgar was

---

[1] The officials are Shawn M. Garvin, David Small, Chief Drew T. Aydelotte, and Captain Brian Pollock.

[2] Because this appeal arises from an order dismissing the complaint under Federal Rule of Civil Procedure 12(b)(6), we derive the facts from the complaint and accept them as true. In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 78 n.2 (3d Cir. 2017) (citations omitted). We construe those facts in a "light most favorable to the plaintiff." Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (citation omitted).

embarrassed that he was sleeping in, he said no and explained that he was at the agency's deer stand.

When Metzgar returned to work, Captain Brian Pollock questioned him. Pollock did not provide him notice of any investigation nor advise him of his right to representation during questioning. Thereafter, Pollock called Metzgar while he was off duty, stated that their conversation was "completely off the record," and questioned Metzgar again. Metzgar admitted to Pollock that he was sleeping on his day off and was not at the deer stand.

Metzgar was terminated. His termination letter stated that he was fired for reasons related to truthfulness.

Metzgar filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his Fourteenth Amendment procedural due process rights.[3] Specifically, Metzgar asserted that he had a property interest in his job as a probationary officer and was entitled to a hearing and other protections set forth in the DELEBOR. The District Court dismissed the complaint and held that, as a probationary officer, Metzgar was an at-will employee under Delaware Merit Rule 9.2 and therefore lacked a constitutionally protected property interest in his employment, and that DELEBOR's procedural protections did not create such a property interest. Metzgar v. Dep't of Nat. Res., No. 18-1310-CFC, 2019 WL 2994550, at *1-3 (D. Del. July 9, 2019) (citing Thomas v. Town of

---

[3] Metzgar also brought defamation and Monell claims, which the District Court dismissed. Metzgar does not challenge their dismissal.

3

Hammonton, 351 F.3d 108, 113 (3d Cir. 2003)). The Court denied Metzgar's request to reconsider this ruling. Metzgar appeals.

II[4]

A state employee has a constitutionally protected property interest in his employment and is entitled to procedural due process if, under state law, he can be removed only for cause. See Goss v. Lopez, 419 U.S. 565, 573 (1975) (stating that a state employee "may demand the procedural protections of due process" if he, "under state law, or rules promulgated by state officials, has a legitimate claim of entitlement to continued employment absent sufficient cause for discharge" (citations omitted)); Richardson v. Felix, 856 F.2d 505, 509 (3d Cir. 1988) ("The hallmark of a constitutionally protected property interest is an individual entitlement that cannot be removed except for cause." (internal quotation marks and citations omitted)).

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review orders granting a Rule 12(b)(6) motion to dismiss, as well as orders denying reconsideration of such orders, de novo. Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (reviewing de novo an order denying reconsideration that "is predicated on an issue of law"). When reviewing an order dismissing a complaint under Rule 12(b)(6), therefore we examine the complaint to determine whether it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), but "we disregard rote recitals of the elements of the cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 670 (3d Cir. 2012). A motion for reconsideration is properly denied unless the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Vehicle Carrier Servs., 846 F.3d at 87 (internal quotation marks and citation omitted).

Accordingly, if "as a matter of state law[,] the employee 'held his position at the will and pleasure of the [employer],'" then the employee "had [n]o property interest." Bishop v. Wood, 426 U.S. 341, 345 n.8 (1976); see also Thomas, 351 F.3d at 113 ("The fact that [the plaintiff] was an at-will employee is fatal to [her property interest] claim."). Therefore, whether Metzgar had a protected property interest in his continued employment turns on whether he was an at-will employee under Delaware law.

In Delaware, an at-will employee is one who "can be terminated for any reason, with or without cause and at any time." Lord v. Souder, 748 A.2d 393, 398 (Del. 2000) (citation omitted). "[T]here is a 'heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite.'" Rizzitiello v. McDonald's Corp., 868 A.2d 825, 830 (Del. 2005) (quoting E.I. DuPont de Nemours & Co. v. Pressman, 679 A.2d 436, 440 (Del. 1996)). Under the Delaware State Merit Rules,[5] Metzgar's position as a probationary officer was at-will. Rule 9.2 provides that "[e]mployees may be dismissed at any time during the initial probationary period."[6] Because a probationary employee like Metzgar can be terminated at any time, such an

_____

[5] The Delaware State Merit Rules, available at https://merb.delaware.gov/state-merit-rules/state-merit-rules-chapter-1, govern all state employees, except those excluded under § 5903. Section 5903 does not exclude DNREC positions and so the Merit Rules cover Metzgar's position as a DNREC probationary officer. See 29 Del. C. § 5903.

[6] DELEBOR, which provides procedural protections for an officer facing an investigation or disciplinary action, see 11 Del. C. § 9200(c), does not conflict with Rule 9.2, available at https://merb.delaware.gov/state-merit-rules-chapter-9/, because DELEBOR does not "expressly" establish that probationary officers are for-cause employees as required to rebut the at-will presumption, see Rizzitiello v. McDonald's Corp., 868 A.2d 825, 830 (Del. 2005). Thus, DELEBOR does not exempt Metzgar from Rule 9.2.

employee falls within Delaware's definition of an "at-will" employee. See Lord, 748 A.2d at 398. As a result, Metzgar did not have a property interest in his continued employment, and he was therefore not entitled to due process under the Fourteenth Amendment before his termination. See Thomas, 351 F.3d at 113.

Metzgar asserts that DELEBOR's procedural protections grant him due process rights.[7] Metzgar is incorrect. "The fact that state law may grant procedural protections to an at-will employee does not transform his . . . interest in continued employment into a property interest protected by the Due Process Clause." Id. "The Due Process Clause provides that certain substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures." Id. (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)). Substantive rights and procedural protections, however, are distinct, and protected "'[p]roperty' cannot be defined by the procedures provided for its deprivation any more than can life or liberty." Id. (quoting Loudermill, 470 U.S. at 541). That is, a property interest must exist separate from the procedures that govern whether that property may be taken away. Thus, Metzgar cannot rely on the existence of DELEBOR's procedures to establish a property interest.

_____

[7] We assume without deciding that DELEBOR provides procedural protections to probationary officers. See 11 Del. C. § 9200 et seq. Among the protections it provides are a right to be "informed in writing of the nature of the investigation before questioning" and the right to representation if requested. Id. § 9200(c)(4), (9). DELEBOR also requires that a formal complaint seeking dismissal or suspension be "supported by substantial evidence derived from an investigation." Id. § 9200(c)(3). In addition, officers charged with a breach of a disciplinary rule are entitled to notice and a hearing conducted by an impartial board of officers. Id. §§ 9203(3), 9204, 9205.

Moreover, the protections in DELEBOR do not create a property interest. First, the language of the act does not say that all covered officers may be terminated only for cause. Second, the fact that charges that may lead to suspension or termination must be supported by "substantial evidence" does not mean that officers can be terminated only for cause. The "substantial evidence" requirement is like a standard of proof for the allegations against the officer. Requiring that an officer's guilt be established by substantial evidence differs from requiring that an officer be terminated only for certain reasons.[8] Put differently, the cause requirement conveys that there must be a reason for the termination and the substantial evidence requirement dictates the type of proof needed to establish the facts that give rise to the reason for the firing. A procedural safeguard that ensures adequate evidence exists before an adverse employment action is taken does not transform an at-will employee's interest in continued employment into a protected property interest.[9] See Thomas, 351 F.3d at 113.

---

[8] Cases to which Metzgar cites reflect this distinction. For example, in Mariano v. Borough of Dickson City, the court concluded that borough police officers had a protected interest in their employment under a Pennsylvania statute that "limit[ed] the reasons for which they can be removed or suspended to specific enumerated causes." 40 F. Supp. 3d 411, 421 (M.D. Pa. 2014) (citing Dee v. Borough of Dunmore, 549 F.3d 225, 230-31 (3d Cir. 2008)). Unlike DELEBOR, the statute in Mariano explicitly provided that the officers may be terminated only for certain reasons, and therefore they were not at-will employees. Id.; see also Toth v. Bethel Twp., 268 F. Supp. 3d 725, 731 (E.D. Pa. 2017) (noting that the statute conferring a property interest upon the plaintiff's employment contained "specific enumerated reasons" required for removal).

[9] The cases that Metzgar relies on, Sturgess v. Negley, 761 F. Supp. 1089, 1095 (D. Del. 1991), Gale v. Sapp, No. 91A-08-9, 1993 WL 54463, at *3 (Del. Super. Feb. 11, 1993), and Burge v. City of Dover, No. 954-K, 1987 WL 12311, at *6 (Del. Ch. June 8, 1987), are distinguishable. First, they all involve permanent employees. Second, (a) Sturgess involved a town ordinance that the court found created a property interest in police employment, (b) Sturgess' discussion of DELEBOR was dicta, and (c) Sturgess

Because a DNREC probationary officer is an at-will employee, and Delaware law does not provide him a protected property interest in such employment, the District Court correctly dismissed Metzgar's procedural due process claim and properly denied reconsideration of that ruling.

III

For the foregoing reasons, we will affirm.

---

relied on <u>Richardson</u>, 856 F.2d at 509, another case involving a statute that explicitly applied only to for-cause employees and excluded probationary officers. 761 F. Supp. at 1094-95. Third, <u>Gale</u> examined not whether the plaintiff had a protected property interest in his job but rather whether the defendant complied with the procedural protections contained in a collective bargaining agreement and the department's rules and regulations, and not DELEBOR. 1993 WL 54463, at *3. Fourth, while <u>Burge</u> concluded that DELEBOR "confer[s] upon police officers the right to notice and a hearing before any disciplinary action that would terminate his pay can" occur, 1987 WL 12311, at *6, it was decided before <u>Thomas</u>, in which we held that procedural safeguards do not transform an at-will employee's interest in continued employment into a constitutionally protected property interest. 351 F.3d at 113. Moreover, <u>Burge</u>'s citation to <u>Bishop v. Wood</u>, 426 U.S. 341 (1976), which concluded that at-will employees do not have property interests in their employment under the due process clause, <u>id.</u> at 345 n.8, reveals it understood that at-will employees lack a constitutionally protected property interest. 1987 WL 12311, at *6.

    <u>Smith v. Department of Public Safety of State</u>, No. 99M-04-007, 1999 WL 1225250 (Del. Super. Ct. Oct. 26, 1999), <u>aff'd</u>, 765 A.2d 953 (Del. 2000) (concluding that "the Superior Court did not abuse its discretion in deciding to issue a writ of mandamus," but declining to comment on the court's views of <u>Burge</u>), also does not change our analysis. First, <u>Smith</u> relied on <u>Burge</u> but, as noted above, the foundation for <u>Burge</u> has been undermined by our ruling in <u>Thomas</u>. Second, <u>Smith</u> relied on <u>Sturgess</u>'s dicta stating that DELEBOR "arguabl[y]" vests police officers with a protected property interest in their employment. Third, <u>Smith</u> did not involve an at-will employee.

8